

FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 2 5 2023

Kevin P. Weimer, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

UNITED STATES OF AMERICA

    *v.*

**RYAN BRANDT,**
    A/K/A "STREET LIFE,"
    A/K/A "ROBERT KRAFT,"
**KYLE OREE,**
    A/K/A "NASTY NU,"
**CHASE PINCKNEY,**
    A/K/A "CHASE PICKNEY,"
    A/K/A "THREE SHOTS,"
    A/K/A "NORIEGA,"
    A/K/A "SINATRA,"
**ELTON JACKSON,**
    A/K/A "2GZ,"
    A/K/A "JOHN MADDEN,"
**SEAN CARR,**
    A/K/A "NUT,"
    A/K/A "NUTKASE,"
**LAVORSIA JONES,**
    A/K/A "SHITBAG,"
**DANIELLE FORD,**
**CHARLTON KING,**
    A/K/A "HELL'S MILITANT
    CAMP,"
**DEMARCO DRAUGHN,**
    A/K/A "SHOOTA B,"
**RICHARD SMITH,**
    A/K/A "ALLEYWAY,"
    A/K/A "BRETT FAVRE,"
**RONTAVIOUS FOWLER,**
    A/K/A "LIL HOT,"
**SHAVON THOMAS,**
    A/K/A "SHAVON EDWARDS,"

Criminal Indictment

No. **3:23-CR-0018**

**UNDER SEAL**

**LIONEL EDWARDS,**
A/K/A "TONY,"
A/K/A "TYSON,"
A/K/A "PYTHON,"
**ANTHONY JERNIGAN,**
A/K/A "HELL RAISER,"
**CEDRIC PIERRE,**
A/K/A "FLIP,"
**RICARDO SANCHEZ,**
**TROY MCCRAINE,**
**QAWWEE MITCHELL,**
**SHERRI GANDY-TORRES,**
**NYLA BLACKNELL,**
**TRACEY WISE,**
**SHOUNNETTE WOOTEN,** and
**KIERRA WILLIAMS,**

Defendants.

THE GRAND JURY CHARGES THAT:

## Count 1
### (RICO Conspiracy)
#### Background

At all times relevant to this Indictment:

1.      In the early 1970s, a group of street gangs united and formed a larger gang called "The Bloods." This gang originated in Los Angeles, California, but spread to other areas. In the 1990s, the "United Bloods Nation" ("UBN") formed as the East Coast offshoot of the California-based Bloods. "The Bloods" now exist throughout the United States.

2.      "The Bloods" are broken into individual units known as "sets." Sex Money Murder ("SMM") is a set of "The Bloods." SMM was established in or

2

around 1989, primarily by Peter Rollack, a/k/a "Pistol Pete." SMM began as a local street gang in the Soundview section of the Bronx. In the mid-1990s, SMM aligned with UBN in prison. When SMM was predominantly active in Soundview, defendant **SEAN CARR**, a/k/a "Nut," a/k/a "Nutkase," rose to prominence in the gang. By the 2000s, SMM had withdrawn from UBN and established itself as an independent set of "The Bloods." Since its inception, SMM has spread from the Bronx and New York to areas across the East Coast, including Georgia, where it operates inside and outside of prisons and jails.

3.      Although SMM's leadership structure spans multiple states, each state typically has subgroups, also called "sets" or "lines," which are responsible for carrying out the affairs of the gang within their individual territories. Typically, each set or line is responsible for representing SMM through the commission of criminal activities, the generation of financial proceeds, the resolution of internal and external conflict, and the enforcement of strict adherence to SMM rules and protocols. The structure of SMM is hierarchical in nature. Each set or line has its own "line-up," or hierarchy of ranked gang members from each territory. A set or line and its leaders fall under higher-ranking national leaders, including the "Royal Flush," as defined below, and are ultimately subject to the overall command of "Royal Flush" members.

4.      Historically, in Georgia, SMM members were organized into four separate lines. However, due to intra-gang disputes and other factors, these lines have changed structure and leadership over time. Starting in no later than in or around 2018, SMM in Georgia organized into two lines: "G-20" and "95 Lifestyle/45 World-Wide" (hereinafter "95 line"). G-20 emerged as a remnant of

"Rough Sex," one of the original Georgia lines. At the same time, some former leaders of "Rough Sex" formed a separate gang under UBN called the "Imperial South Bloods" ("ISB").

5.     Certain SMM members hold a specific rank within the gang or within a specific set or line. Specific duties and responsibilities are associated with each rank. The SMM rank structure often includes a delineation between incarcerated members ("behind the wall") and non-incarcerated members ("on the streets"). In many instances, leadership "behind the wall" also exerts control over membership "on the streets." Rank structure and responsibilities sometimes vary behind the wall and on the streets, but are typically arranged as follows:

    a.  "Royal Flush" – a founding member of SMM with nationwide control;

    b.  "Big Gunz" – the highest-ranking members within a state, usually with national recognition;

    c.  "High" or "Hi" – a regional or state-level leader with authority over a specific line within a given territory, who reports to higher-ranking members;

    d.  "Low" or "Lo" – a lower-ranking regional or state-level leader with authority over a specific line within a given territory, who reports to higher-ranking members;

    e.  5th through 1st "Floors" – local ranking members who exert authority over lower-ranking members, with the 5th floor being the highest and the 1st floor being the lowest;

f.  "Mr. 95" – a "behind the wall" rank that serves as the point-of-contact among incarcerated SMM members for specific prisons within the Georgia Department of Corrections ("GDOC"); and

g.  "Scrap" or "skrap" – a SMM member without rank.

6.      SMM is governed by a common set of rules, codes, laws, and oaths. Members are required to pay monetary dues. Monies collected are used to pay for items used in criminal activities, including guns, to aid other gang members, or to enrich leaders, members, and associates. SMM members and associates use specific words, codes, and abbreviations to communicate with one another. Some commonly used examples are:

a.  "Eat a plate" or to be "ate" – targeting of an individual, who may or may not be a SMM member, for physical attack, including murder;

b.  "Green light" or "Smash on sight" – permission granted by a higher-ranking SMM member to commit a physical attack, including murder;

c.  "On the street" – an individual who is not in prison;

d.  "Behind the wall" – an imprisoned individual;

e.  "Stain" – respect or rank within the gang;

f.  "Peter roll" – to kill someone;

g.  "Billy Ocean" – to stab or shoot someone;

h.  "Aid and assistance" or "A&A" – helping a fellow gang member;

i.  "Ola" – a term of respect used when a lower-ranking member addresses a higher-ranking member;

j.  "Dragon" – an individual who engages or has engaged in homosexual activity, a violation of SMM rules;

k. "Stadium" – a prison; and

l. "Field goal" – a dues payment.

## The Enterprise

7.    At all times relevant to this Indictment, there existed in the Northern District of Georgia and elsewhere, an organization, namely, Sex Money Murder (defined above as "SMM"). SMM, including its leaders, members, and associates, constituted an enterprise, as defined by Title 18, United States Code, Section 1961(4) — that is, a group of individuals associated in fact, which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

## Purposes of the Enterprise

8.    The purposes of the enterprise included, but were not limited to, the following:

a. Enriching the leaders, members, and associates of the enterprise through, among other things, drug trafficking, wire fraud, and bank fraud, and introducing contraband, including drugs and cellphones, into prisons and jails;

b. Preserving and protecting the power, reputation, territory, operations, and proceeds of the enterprise through the use of threats, intimidation, and violence, including, but not limited to, acts involving murder and other acts of violence;

6

c. Keeping victims and witnesses of the enterprise's crimes in fear of the enterprise and its leaders, members, and associates through threats of violence and actual violence, including acts involving murder, assault, and arson; and

d. Providing financial aid and assistance, including, but not limited to, posting bonds and funding commissary accounts, to members of the enterprise charged with or incarcerated for gang-related activities.

## The Racketeering Conspiracy

9.     Beginning on a date unknown, but starting no later than in or around 2013, and continuing to at least the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

**RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft,"
**KYLE OREE**, a/k/a "Nasty Nu,"
**CHASE PINCKNEY**, a/k/a "Chase Pickney," a/k/a "Three Shots,"
a/k/a "Noriega," a/k/a "Sinatra,"
**ELTON JACKSON**, a/k/a "2gz," a/k/a "John Madden,"
**SEAN CARR**, a/k/a "Nut," a/k/a "Nutkase,"
**LAVORSIA JONES**, a/k/a "Shitbag,"
**DANIELLE FORD,**
**CHARLTON KING**, a/k/a "Hell's Militant Camp,"
**DEMARCO DRAUGHN**, a/k/a "Shoota B,"
**RICHARD SMITH**, a/k/a "Alleyway," a/k/a "Brett Favre,"
**RONTAVIOUS FOWLER**, a/k/a "Lil Hot,"
**SHAVON THOMAS**, a/k/a "Shavon Edwards,"
**LIONEL EDWARDS**, a/k/a "Tony," a/k/a "Tyson," a/k/a "Python,"
**ANTHONY JERNIGAN**, a/k/a "Hell Raiser," and
**CEDRIC PIERRE**, a/k/a "Flip,"

each being a person employed by and associated with SMM, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce,

did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with one another, and others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c); that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and (5), which consisted of multiple threats and acts involving:

      a. murder, in violation of Official Code of Georgia, Sections 16-5-1, 16-4-1, and 16-4-8; and

      b. arson, in violation of Official Code of Georgia, Sections 16-7-60, 16-7-61, 16-7-62, 16-4-1, and 16-4-8;

multiple offenses involving:

      c. drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and

multiple acts indictable under:

      d. Title 18, United States Code, Section 1343 (relating to wire fraud); and

      e. Title 18, United States Code, Section 1344 (relating to financial institution fraud).

10.    It was part of the conspiracy that each defendant agreed a conspirator would commit at least two acts of racketeering activity in conducting the affairs of the enterprise.

## Manner and Means of the Conspiracy

11.    The manner and means by which the members and associates of the enterprise conducted and participated in the conduct of the affairs of SMM to achieve its purposes included, but were not limited to, the following:

   a. Members and associates of the enterprise attended regular meetings (in person or over conference call lines) where criminal activity and gang finances were discussed and disciplinary measures against fellow SMM members were discussed and decided.

   b. To enforce discipline and enterprise rules, leaders, members and associates of the enterprise committed, agreed to commit, attempted to commit, and aided and abetted in the commission of, acts involving murder, assault, and threats of bodily injury against those leaders, members, and associates of the enterprise who violated rules, questioned authority, were suspected of cooperating with law enforcement, or otherwise posed any real or perceived threat to leaders, members, or the purposes of the enterprise.

   c. To generate income, leaders, members, and associates of the enterprise distributed, agreed to distribute, and attempted to distribute methamphetamine, heroin, and other narcotics, and committed, agreed to commit, and attempted to commit bank fraud and wire fraud.

   d. Members were required to pay dues. Monies collected were used to enrich members, support incarcerated leaders, fund the purposes of the enterprise, and purchase items needed for the enterprise,

including illegal drugs and firearms. Dues were sometimes funded from the proceeds of illegal activities such as drug trafficking.

e. Members and associates of the enterprise used gang-related terminology, codes, symbols, phrases, and hand gestures to demonstrate affiliation with the gang.

f. Members and associates of the enterprise coordinated with non-incarcerated SMM members and associates to traffic drugs, smuggle contraband into prisons, and commit violent acts and other acts of intimidation to further the purposes of the enterprise.

## Overt Acts

12.   In furtherance of the conspiracy, and to affect the object and purposes thereof, the defendants, **RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft" (**"BRANDT"**), **KYLE OREE**, a/k/a "Nasty Nu" (**"OREE"**), **CHASE PINCKNEY**, a/k/a "Chase Pickney," a/k/a "Three Shots," a/k/a "Noriega," a/k/a "Sinatra" (**"PINCKNEY"**), **ELTON JACKSON**, a/k/a "2gz," a/k/a "John Madden" (**"JACKSON"**), **SEAN CARR**, a/k/a "Nut," a/k/a "Nutkase" (**"CARR"**), **LAVORSIA JONES**, a/k/a "Shitbag" (**"JONES"**), **DANIELLE FORD** (**"FORD"**), **CHARLTON KING**, a/k/a "Hell's Militant Camp" (**"KING"**), **DEMARCO DRAUGHN**, a/k/a "Shoota B" (**"DRAUGHN"**), **RICHARD SMITH**, a/k/a "Alleyway," a/k/a "Brett Favre" (**"SMITH"**), **RONTAVIOUS FOWLER**, a/k/a "Lil Hot" (**"FOWLER"**), **SHAVON THOMAS**, a/k/a "Shavon Edwards" (**"THOMAS"**), **LIONEL EDWARDS**, a/k/a "Tony," a/k/a "Tyson," a/k/a "Python" (**"EDWARDS"**), **ANTHONY JERNIGAN**, a/k/a "Hell Raiser" (**"JERNIGAN"**), **CEDRIC PIERRE**, a/k/a "Flip" (**"PIERRE"**), and others known

and unknown to the Grand Jury, committed and caused to be committed various overt acts, including, but not limited to, the following:

(OA-1)   Between on or about October 19, 2013, and on or about October 20, 2013, defendants **BRANDT**, **CARR**, and **THOMAS** facilitated the distribution of heroin to defendant **EDWARDS**, who at the time was an inmate at a federal prison located in Wayne County, Pennsylvania.

(OA-2)   In or around 2014, SMM gang leader K.J. directed four SMM members and associates of the "Rough Sex" line to retaliate for an unsanctioned murder of a fellow SMM gang member.

(OA-3)   On or about May 10, 2014, following the directive of SMM gang leader K.J., four SMM members and associates stormed a home in DeKalb County, Georgia and shot multiple rounds of ammunition into a bathroom, killing a nine-month-old boy, K.E., Jr.

(OA-4)   On or about March 13, 2017, at Autry State Prison in Pelham, Georgia, defendant **PIERRE** and another SMM member repeatedly stabbed W.H.P. on orders from defendant **PINCKNEY** after W.H.P. allegedly disrespected SMM leadership.

(OA-5)   On or about October 11, 2017, defendant **DRAUGHN** murdered B.R. at Hancock State Prison in Sparta, Georgia on orders from defendant **JERNIGAN** because B.R. allegedly violated SMM's rule against homosexual activity.

(OA-6)   In or around 2018, after SMM gang leader K.J. and others left the "Rough Sex" line of SMM to form ISB, the remainder of the "Rough Sex" line re-organized as G-20.

(OA-7)   In or around 2018, the "Big Gunz" in SMM's 95 line issued a "greenlight" or "smash on sight" order for all members of G-20 and ISB.

(OA-8)   Between in or around April 2018 and in or around November 2019, defendant **SMITH** brokered several kilogram-weight sales of methamphetamine to a SMM member in Duluth, Georgia.

(OA-9)   On or about August 22, 2018, defendant **BRANDT** sold approximately two ounces of methamphetamine in Atlanta, Georgia.

(OA-10) On or about March 20, 2019, defendant **FOWLER** murdered R.W.-1 at Smith State Prison in Glennville, Georgia.

(OA-11) On or about June 4, 2019, defendant **BRANDT** sold approximately four ounces of methamphetamine to an individual in Marietta, Georgia.

(OA-12) On or about August 19, 2019, defendant **BRANDT** sold approximately six ounces of methamphetamine to an individual in Decatur, Georgia.

(OA-13) On or about October 22, 2019, defendant **BRANDT** directed defendant **JONES** to sell approximately six ounces of methamphetamine to an individual in Lawrenceville, Georgia.

(OA-14)  On or about December 7, 2019, defendant **THOMAS** smuggled cellphones and suboxone to defendant **EDWARDS** at a federal prison in Jesup, Georgia.

(OA-15)  On or about April 20, 2020, a SMM member stabbed L.T. at Smith State Prison in Glennville, Georgia, after L.T. switched allegiances from SMM to ISB.

(OA-16)  On or about May 10, 2020, at Hancock State Prison in Sparta, Georgia, SMM members isolated SMM member J.W. in a prison cell, tied him up, and repeatedly stabbed him on suspicion that J.W. violated the gang's rule against homosexuality.

(OA-17)  On or about May 10, 2020, a SMM member sent defendant **JACKSON** videos of J.W.'s stabbing and of J.W. apologizing to defendant **JACKSON** for violating gang rules.

(OA-18)  On or about May 11, 2020, at the GDOC Special Management Unit in Jackson, Georgia, defendants **DRAUGHN** and **FOWLER** repeatedly stabbed K.J., as directed by SMM leadership.

(OA-19)  On or about June 19, 2020, defendant **KING** sent a message to several SMM members stating that dues had to be paid by the end of the month.

(OA-20)  From an unknown date, but no later than in or around June 2020, and continuing through at least in or around January 2021, defendants **BRANDT, OREE, PINCKNEY, JACKSON, CARR, KING, DRAUGHN, SMITH, FOWLER, JERNIGAN,** and **PIERRE** attempted and conspired to obtain unemployment benefits to which

they were not entitled and did fraudulently obtain approximately $140,000 of those benefits.

(OA-21)  Between on or about September 25 and September 27, 2020, defendant **KING** ordered a SMM member to stab another SMM member at Macon State Prison in Oglethorpe, Georgia, and defendant **BRANDT** gave the SMM member permission to delay the stabbing until he had more back-up.

(OA-22)  On or about October 8, 2020, in Atlanta, Georgia, defendant **FORD** gave defendant **JONES** 33 "sheets," or papers laced with a controlled substance, who then delivered the drugs to defendant Kierra Williams (not charged in this count), a prison guard, at a location in Forsyth, Georgia.

(OA-23)  On or about October 9, 2020, defendant **BRANDT** directed defendant Kierra Williams (not charged in this count) to smuggle "sheets" laced with a controlled substance into Baldwin State Prison in Hardwick, Georgia, where defendant **BRANDT** was an inmate at the time.

(OA-24)  On or about October 28, 2020, defendants **BRANDT** and **OREE** discussed defendant **BRANDT**'s ability to obtain methamphetamine from a Mexico-based source of supply.

(OA-25)  On or about November 5, 2020, defendant **PIERRE** directed his courier, defendant Qawwee Mitchell (not charged in this count), to pick up one-half-kilogram of methamphetamine in Brookhaven,

Georgia, in furtherance of a drug transaction brokered by defendant Ricardo Sanchez (not charged in this count).

(OA-26)  On or about November 5, 2020, defendant **PINCKNEY** authorized the beating of R.W.-2 at Ware State Prison in Waycross, Georgia, on suspicion that R.W.-2 had violated gang rules prohibiting homosexual activity.

(OA-27)  On or about November 8, 2020, defendants **PINCKNEY** and **PIERRE** discussed a plan to use a third person to facilitate withdrawals from a Chase Bank account containing $37 million that did not belong to them.

(OA-28)  From on or about November 14, 2020, through on or about November 15, 2020, defendant **BRANDT** attempted to purchase two kilograms of methamphetamine from a supplier, and after paying for the drugs, defendant **BRANDT** sent defendant **JONES** to pick up the methamphetamine.

(OA-29)  From on or about November 24, 2020, through on or about November 25, 2020, defendant **OREE** directed defendant **FORD** to provide defendant **JONES** with 27 "sheets," or papers sprayed with a controlled substance, 25 of which were later smuggled to defendant **BRANDT** in prison.

(OA-30)  On or about November 27, 2020, defendants **BRANDT**, **PINCKNEY**, and **JACKSON** discussed defendant **BRANDT**'s sheet smuggling operation and how methamphetamine trafficking was more lucrative.

15

(OA-31)  On or about December 3, 2020, defendant **PIERRE** directed defendant Nyla Blacknell (not charged in this count) to pick up approximately 16 ounces of methamphetamine in Duluth, Georgia, and deliver it to defendant Sherri Gandy-Torres (not charged in this count), who was in Florida at the time.

(OA-32)  On or about December 4, 2020, defendant **OREE** arranged for defendant **FORD** to deliver 50 "sheets," or papers sprayed with a controlled substance, to defendant **JONES** in Norcross, Georgia.

(OA-33)  On or about December 5, 2020, defendant **BRANDT** instructed defendant **JONES** to give defendant Kierra Williams (not charged in this count) the sheets containing the drugs so that they could be smuggled to defendant **BRANDT** in prison at a later time.

(OA-34)  On or about December 9, 2020, a SMM member shot and killed SMM member P.P. in Griffin, Georgia, on belief that P.P. had cooperated with law enforcement in Clayton County, Georgia.

(OA-35)  On or about December 14, 2020, SMM members in the Gainesville, Georgia, area sent text messages to defendant **OREE** regarding their collection of dues from other SMM members.

(OA-36)  On or about January 20, 2021, defendant **THOMAS** paid defendant **OREE** for "sheets," or papers sprayed with a controlled substance.

(OA-37)  On or about January 22, 2021, defendant **OREE** sent defendant **THOMAS** a photograph of a United States Postal Service receipt.

(OA-38)  On or about January 24, 2021, acting at the direction of defendant **PIERRE**, defendant Troy McCraine (not charged in this count)

16

retrieved approximately one kilogram of methamphetamine that defendant Ricardo Sanchez (not charged in this count) had sold.

(OA-39)   Between on or about January 31 and February 4, 2021, defendant **PIERRE** directed SMM members to set fire to the Colbert, Georgia house of a drug customer who owed money to defendant Ricardo Sanchez (not charged in this count).

(OA-40)   Between on or about February 5 and February 10, 2021, defendant **BRANDT** contacted defendant Tracey Wise (not charged in this count), a GDOC employee, to coordinate the delivery of 50 "sheets" sprayed with a controlled substance to defendant **BRANDT**.

(OA-41)   Between on or about February 5 and February 10, 2021, defendant **BRANDT** directed defendant Shounnette Wooten (not charged in this count) to bring defendant **JONES** $4,000 to pay for the sheets sprayed with a controlled substance, and defendant Wooten did so.

(OA-42)   On or about February 9, 2021, defendant **BRANDT** again contacted defendant Tracey Wise (not charged in this count) to confirm the location for the drug transfer.

(OA-43)   On or about February 10, 2021, defendant **JONES** provided defendant Kierra Williams (not charged in this count) with $4,000 that defendant Williams then placed in a bag containing several drug-laden sheets. Defendant Williams then placed the bag into a trash can, so that defendant Tracey Wise (not charged in this count) could retrieve it.

(OA-44) Between on or about February 10 and February 15, 2021, defendant **BRANDT** ordered 50 "sheets," or papers sprayed with a controlled substance, from defendant **OREE**, who ordered defendant **FORD** to send the sheets to defendant **JONES**.

(OA-45) On or about February 13, 2021, defendant **EDWARDS** told defendant **OREE** from prison that he had received the drug-laced sheets and had distributed them to other prisoners.

(OA-46) On or about March 2, 2021, defendant Ricardo Sanchez (not charged in this count) brokered the sale of over three kilograms of methamphetamine to defendant **PIERRE** in Norcross, Georgia.

(OA-47) On or about November 14, 2022, defendant **CARR** sent a memo to SMM membership decreeing that defendant **OREE** was no longer a member because of rules violations, including his failing to contribute financially to the gang despite his lucrative drug business.

## Notice of Enhanced Sentencing

13.     As part of their agreement to conduct and participate in the conduct of the affairs of the SMM enterprise through a pattern of racketeering activity, in the Northern District of Georgia and elsewhere, on or about October 11, 2017, the defendants, **DEMARCO DRAUGHN** and **ANTHONY JERNIGAN**, did unlawfully and with malice aforethought, express and implied, cause the death of B.R. by repeatedly stabbing him, in violation of Official Code of Georgia Section 16-5-1.

18

14.     As part of his agreement to conduct and participate in the conduct of the affairs of the SMM enterprise through a pattern of racketeering activity, in the Northern District of Georgia and elsewhere, on or about March 20, 2019, the defendant, **RONTAVIOUS FOWLER**, did unlawfully and with malice aforethought, express and implied, cause the death of R.W.-1 by repeatedly stabbing him, in violation of Official Code of Georgia Section 16-5-1.

15.     As part of their agreement to conduct and participate in the conduct of the affairs of the SMM enterprise through a pattern of racketeering activity, in the Northern District of Georgia and elsewhere, beginning on a date unknown, but starting no later than in or around 2013, and continuing to at least the date of this Indictment, the defendants, **RYAN BRANDT, KYLE OREE, CHASE PINCKNEY, ELTON JACKSON, SEAN CARR, RICHARD SMITH**, and **CEDRIC PIERRE**, did agree to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

All in violation of Title 18, United States Code, Section 1962(d).

### Count 2
### (Controlled Substances Conspiracy)

Beginning on a date unknown to the Grand Jury, but by at least in or around 2013, and continuing until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

19

**RYAN BRANDT,** a/k/a "Street Life," a/k/a "Robert Kraft,"
**KYLE OREE,** a/k/a "Nasty Nu,"
**CHASE PINCKNEY,** a/k/a "Chase Pickney," a/k/a "Three Shots,"
a/k/a "Noriega," a/k/a "Sinatra,"
**ELTON JACKSON,** a/k/a "2gz," a/k/a "John Madden,"
**SEAN CARR,** a/k/a "Nut," a/k/a "Nutkase,"
**LAVORSIA JONES,** a/k/a "Shitbag,"
**DANIELLE FORD,**
**RICHARD SMITH,** a/k/a "Alleyway," a/k/a "Brett Favre,"
**SHAVON THOMAS,** a/k/a "Shavon Edwards"
**LIONEL EDWARDS,** a/k/a "Tony," a/k/a "Tyson," a/k/a "Python,"
**CEDRIC PIERRE,** a/k/a "Flip,"
**RICARDO SANCHEZ,**
**TROY MCCRAINE,**
**QAWWEE MITCHELL,**
**SHERRI GANDY-TORRES,**
**NYLA BLACKNELL,**
**TRACEY WISE,**
**SHOUNNETTE WOOTEN,** and
**KIERRA WILLIAMS,**

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with one another and other persons known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1); that is, to knowingly and intentionally possess with intent to distribute a controlled substance and a controlled substance analogue, said conspiracy involving at least one of the following: (1) at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; (2) a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; (3) a mixture and substance containing a detectable amount of buprenorphine, a Schedule III controlled

substance; and (4) a quantity of Methyl 3,3-dimethyl-2-(1-(pent-4-en-1-yl)-1H-indazole-3-carboxamido)butanoate (MDMB-4en-PINACA), a Schedule I controlled substance analogue as defined in Title 21, United States Code, Section 802(32), knowing that the substance was intended for human consumption, as provided in Title 21, United States Code, Section 813, pursuant to Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(C), and 841(b)(1)(E).

All in violation of Title 21, United States Code, Section 846.

### Count 3
### (Aiding and Abetting Possession of Methamphetamine with Intent to Distribute)

On or about June 4, 2019, in the Northern District of Georgia and elsewhere, the defendant, **RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft," and others known and unknown to the Grand Jury, aided and abetted by one another, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least 50 grams of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Count 4
### (Aiding and Abetting Possession of Methamphetamine with Intent to Distribute)

On or about August 19, 2019, in the Northern District of Georgia and elsewhere, the defendant, **RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft," and others known and unknown to the Grand Jury, aided and abetted by one another, did knowingly and intentionally possess with the intent to distribute

a controlled substance, said act involving at least 50 grams of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 5
### (Attempted Possession of Methamphetamine with Intent to Distribute)

On or about October 22, 2019, in the Northern District of Georgia and elsewhere, the defendants, **RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft," and **LAVORSIA JONES**, a/k/a "Shitbag," and others known and unknown to the Grand Jury, aided and abetted by one another,, did knowingly and intentionally attempt to violate Title 21, United States Code, Section 841(a)(1), that is, to possess with the intent to distribute a controlled substance, said act involving at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B).

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## Count 6
### (Possession of a Controlled Substance Analogue with Intent to Distribute)

On or about October 9, 2020, in the Northern District of Georgia and elsewhere, the defendants, **RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft," **KYLE OREE**, a/k/a "Nasty Nu," **LAVORSIA JONES**, a/k/a "Shitbag," **DANIELLE FORD**, and **KIERRA WILLIAMS**, and others known and unknown

22

to the Grand Jury, aided and abetted by one another, did knowingly and intentionally possess with the intent to distribute a controlled substance analogue, said act involving a quantity of Methyl 3,3-dimethyl-2-(1-(pent-4-en-1-yl)-1H-indazole-3-carboxamido)butanoate (MDMB-4en-PINACA), a Schedule I controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), knowing that the substance was intended for human consumption, as provided in Title 21, United States Code, Section 813, pursuant to Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Count 7
### (Possession of Methamphetamine with Intent to Distribute)

On or about November 5, 2020, in the Northern District of Georgia and elsewhere, the defendants, **CEDRIC PIERRE**, a/k/a "Flip," **RICARDO SANCHEZ**, and **QAWWEE MITCHELL**, and others known and unknown to the Grand Jury, aided and abetted by one another,, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least 50 grams of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 8
### (Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

On or about November 5, 2020, in the Northern District of Georgia, the defendant, **QAWWEE MITCHELL**, did knowingly carry a firearm, that is, a Sig Sauer, model P320, .40 caliber semiautomatic pistol, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession of a controlled substance with intent to distribute, as alleged in Count 7 of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## Count 9
### (Possession of a Firearm by a Prohibited Person)

On or about November 5, 2020, in the Northern District of Georgia, the defendant, **QAWWEE MITCHELL**, knowing that he had been previously convicted of at least one of the following offenses punishable by imprisonment for a term exceeding one year:

- Aggravated Assault in the Superior Court of Essex County, New Jersey, on or about May 23, 2006;

- Kidnapping in the Superior Court of Douglas County, Georgia, on or about February 7, 2007;

- Armed Robbery (two counts) in the Superior Court of Douglas County, Georgia, on or about February 7, 2007; and

- Obstructing Administration of Law or Other Governmental Function in the Superior Court of Middlesex County, New Jersey, on or about December 11, 2009,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Sig Sauer, model P320, .40 caliber semiautomatic pistol.

All in violation of Title 18, United States Code, Section 922(g)(1).

## Count 10
### (Possession of Methamphetamine with Intent to Distribute)

On or about December 3, 2020, in the Northern District of Georgia, the Middle District of Georgia, and elsewhere, the defendants, **CEDRIC PIERRE**, a/k/a "Flip," **NYLA BLACKNELL**, and **SHERRY GANDY-TORRES**, and others known and unknown to the Grand Jury, aided and abetted by one another,, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Count 11
### (Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

On or about December 3, 2020, in the Northern District of Georgia, the Middle District of Georgia, and elsewhere, the defendant, **NYLA BLACKNELL**, did knowingly carry a firearm, that is, a Glock 9mm pistol, during and in relation to a drug trafficking crime for which she may be prosecuted in a court of the United States, that is, possession of a controlled substance with intent to distribute, as alleged in Count 10 of this Indictment.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## Count 12
### (Possession of Methamphetamine with Intent to Distribute)

On or about March 2, 2021, in the Northern District of Georgia and elsewhere, the defendants, **CEDRIC PIERRE,** a/k/a "Flip," and **RICARDO SANCHEZ,** and others known and unknown to the Grand Jury, aided and abetted by one another, did knowingly and intentionally possess with the intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Prior Conviction Notices

Before the defendant, **RYAN BRANDT,** a/k/a "Street Life," a/k/a "Robert Kraft," committed the offenses alleged in Counts 2 through 6 of this Indictment, defendant **RYAN BRANDT,** a/k/a "Street Life," a/k/a "Robert Kraft," was convicted in the Superior Court of Gwinnett County, Georgia of Armed Robbery and Kidnapping, serious violent felonies, for which he served more than 12 months of imprisonment.

Before the defendant, **KYLE OREE,** a/k/a "Nasty Nu," committed the offenses alleged in Counts 2 and 6 of this Indictment, defendant **KYLE OREE,** a/k/a "Nasty Nu," was convicted in the Superior Court of Houston County, Georgia of Murder, a serious violent felony, for which he served more than 12 months of imprisonment.

26

Before the defendant, **CHASE PINCKNEY**, a/k/a "Chase Pickney," a/k/a "Three Shots," a/k/a "Noriega," a/k/a "Sinatra," committed the offense alleged in Count 2 of this Indictment, defendant **CHASE PINCKNEY**, a/k/a "Chase Pickney," a/k/a "Three Shots," a/k/a "Noriega," a/k/a "Sinatra," was convicted in the Superior Court of Gwinnett County, Georgia of Murder, a serious violent felony, for which he served more than 12 months of imprisonment.

Before the defendant, **ELTON JACKSON**, a/k/a "2gz," a/k/a "John Madden," committed the offense alleged in Count 2 of this Indictment, defendant **ELTON JACKSON**, a/k/a "2gz," a/k/a "John Madden," was convicted of the following serious violent felonies for which he served more than 12 months of imprisonment:

- Murder, in the Superior Court of Gwinnett County, Georgia; and
- Voluntary Manslaughter, in the Superior Court of Tattnall County, Georgia.

Before the defendant, **RICHARD SMITH**, a/k/a "Alleyway," a/k/a "Brett Favre," committed the offense alleged in Count 2 of this Indictment, defendant **RICHARD SMITH**, a/k/a "Alleyway," a/k/a "Brett Favre," was convicted in the Superior Court of Cobb County, Georgia of Murder, a serious violent felony, for which he served more than 12 months of imprisonment.

Before the defendant, **RICARDO SANCHEZ**, committed the offenses alleged in Counts 2, 7, and 12 of this Indictment, defendant **RICARDO SANCHEZ** was convicted in the Superior Court of Cobb County, Georgia of Murder, a serious violent felony, for which he served more than 12 months of imprisonment.

Before the defendant, **QAWWEE MITCHELL**, committed the offenses alleged in Counts 2 and 7 of this Indictment, defendant **QAWWEE MITCHELL** was

convicted in the Superior Court of Douglas County, Georgia of Armed Robbery, a serious violent felony, for which he served more than 12 months of imprisonment.

## Forfeiture Provisions

Upon the conviction of the offense alleged in Count 1 of this Indictment, the defendants, **RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft," **KYLE OREE**, a/k/a "Nasty Nu," **CHASE PINCKNEY**, a/k/a "Chase Pickney," a/k/a "Three Shots," a/k/a "Noriega," a/k/a "Sinatra," **ELTON JACKSON**, a/k/a "2gz," a/k/a "John Madden," **SEAN CARR**, a/k/a "Nut," a/k/a "Nutkase," **LAVORSIA JONES**, a/k/a "Shitbag," **DANIELLE FORD, CHARLTON KING**, a/k/a "Hell's Militant Camp," **DEMARCO DRAUGHN**, a/k/a "Shoota B," **RICHARD SMITH**, a/k/a "Alleyway," a/k/a "Brett Favre," **RONTAVIOUS FOWLER**, a/k/a "Lil Hot," **SHAVON THOMAS**, a/k/a "Shavon Edwards," **LIONEL EDWARDS**, a/k/a "Tony," a/k/a "Tyson," a/k/a "Python," **ANTHONY JERNIGAN**, a/k/a "Hell Raiser," and **CEDRIC PIERRE**, a/k/a "Flip," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 1963(a):

> (a) any interest acquired or maintained in violation of 18 U.S.C. § 1962;
>
> (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and
>
> (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962.

The property to be forfeited includes, but is not limited to, a forfeiture money judgment, that is, a sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count 1.

Upon conviction of one or more of the offenses alleged in Counts 2 through 7, 10 and 12 of this Indictment, the defendants, **RYAN BRANDT**, a/k/a "Street Life," a/k/a "Robert Kraft," **KYLE OREE**, a/k/a "Nasty Nu," **CHASE PINCKNEY**, a/k/a "Chase Pickney," a/k/a "Three Shots," a/k/a "Noriega," a/k/a "Sinatra," **ELTON JACKSON**, a/k/a "2gz," a/k/a "John Madden," **SEAN CARR**, a/k/a "Nut," a/k/a "Nutkase," **LAVORSIA JONES**, a/k/a "Shitbag," **DANIELLE FORD, RICHARD SMITH**, a/k/a "Alleyway," a/k/a "Brett Favre," **SHAVON THOMAS**, a/k/a "Shavon Edwards," **LIONEL EDWARDS**, a/k/a "Tony," a/k/a "Tyson," a/k/a "Python," **CEDRIC PIERRE**, a/k/a "Flip," **RICARDO SANCHEZ, TROY MCCRAINE, QAWWEE MITCHELL, SHERRI GANDY-TORRES, NYLA BLACKNELL, TRACEY WISE, SHOUNNETTE WOOTEN**, and **KIERRA WILLIAMS**, shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, including but not limited to, a forfeiture money judgment, that is, a sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts 2 through 7, 10 and 12 of this Indictment.

Upon conviction of one or more of the offenses alleged in Counts 1 through 12 of this Indictment, the defendants, **RYAN BRANDT**, a/k/a "Street Life,"

a/k/a "Robert Kraft," **KYLE OREE**, a/k/a "Nasty Nu," **CHASE PINCKNEY**, a/k/a "Chase Pickney," a/k/a "Three Shots," a/k/a "Noriega," a/k/a "Sinatra," **ELTON JACKSON**, a/k/a "2gz," a/k/a "John Madden," **SEAN CARR**, a/k/a "Nut," a/k/a "Nutkase," **LAVORSIA JONES**, a/k/a "Shitbag," **DANIELLE FORD, CHARLTON KING**, a/k/a "Hell's Militant Camp," **DEMARCO DRAUGHN**, a/k/a "Shoota B," **RICHARD SMITH**, a/k/a "Alleyway," a/k/a "Brett Favre," **RONTAVIOUS FOWLER**, a/k/a "Lil Hot," **SHAVON THOMAS**, a/k/a "Shavon Edwards," **LIONEL EDWARDS**, a/k/a "Tony," a/k/a "Tyson," a/k/a "Python," **ANTHONY JERNIGAN**, a/k/a "Hell Raiser," **CEDRIC PIERRE**, a/k/a "Flip," **RICARDO SANCHEZ, TROY MCCRAINE, QAWWEE MITCHELL, SHERRI GANDY-TORRES, NYLA BLACKNELL, TRACEY WISE, SHOUNNETTE WOOTEN**, and **KIERRA WILLIAMS**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of the offenses.

If, any property subject to forfeiture, as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A _____ True _____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

*Noah R Schechtman*

NOAH R. SCHECHTMAN
*Assistant United States Attorney*
Georgia Bar No. 937828

*Theodore furg*

THEODORE S. HERTZBERG
*Assistant United States Attorney*
Georgia Bar No. 718163

REBECCA R. DUNNAN
*Trial Attorney*
New York Bar No. 5121249

LISA M. THELWELL
*Trial Attorney*
Florida Bar No. 100809

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181